IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID R. MOSS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 14-1112-CM |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff David R. Moss filed this action pro se on April 17, 2014. He seeks review of a decision of the Social Security Administration that he was not entitled to disability and disability insurance benefits before January 15, 2013. He also challenges the denial of supplemental security income before that date.

The court permitted plaintiff to proceed in forma pauperis. The United States Marshal or Deputy Marshal therefore served the summons on plaintiff's behalf. The Commissioner of the Social Security Administration filed an answer and the administrative record on August 4, 2014. This made plaintiff's opening brief due on September 18, 2014, under D. Kan. R. 83.7.1(d). Plaintiff failed to meet that deadline. On November 4, 2014, this court ordered plaintiff to show cause why the case should not be dismissed for lack of prosecution. Plaintiff's response was due by November 17, 2014. The court also ordered him to file his opening brief by that date. Again, plaintiff failed to file anything.

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff (1) fails to comply with a court order or the Federal Rules of Civil Procedure, or (2) fails to prosecute his case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice,

-1-

meaning that the plaintiff cannot re-file his claims. Fed. R. Civ. P. 41(b). When evaluating grounds for dismissal of an action, the court looks to the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted). The court examines each of these factors below.

First, defendant has not yet been significantly prejudiced by plaintiff's lack of participation. Defendant answered the complaint and filed the administrative record. But defendant would have had to take these steps regardless of whether plaintiff continued to participate in the case.

Second, at this point, the amount of interference with the judicial process remains slight. The court entered an order to show cause after determining that plaintiff had missed his deadline, but the case still has not progressed significantly. Additional delay, however, will likely shift this factor against plaintiff.

Third, plaintiff appears culpable for his conduct. The certified mail receipt shows that he received the court's order on November 10, 2014. Plaintiff still had a week to respond to the order, yet filed nothing. The court understands that plaintiff proceeds without the assistance of counsel, but it is his responsibility to know the rules and follow the court's direction. At this moment, this factor weighs against plaintiff—but not heavily. Further failure to respond to court orders will tip this factor more heavily against plaintiff.

Fourth, the court's order to show cause suggested that the failure to respond could result in dismissal. Arguably, the order did not explicitly warn plaintiff that noncompliance would likely result in dismissal. The court issues that explicit warning now. If plaintiff does not respond as ordered

below, <u>the court will likely dismiss his case under Rule 41(b) and D. Kan. Rule 41.1 for failure to prosecute.</u>

Finally, it appears that another sanction would be ineffective.  Plaintiff filed his case in forma pauperis and proceeds pro se.  The court has no reason to believe that he would be able to pay a monetary sanction or would be inclined to follow a court order to do so.

In sum, the factors do not yet point to dismissal as the preferred remedy.  The court will give plaintiff <u>one</u> additional opportunity to participate in this case.  Plaintiff is once again ordered to show cause why the case should not be dismissed for lack of prosecution by December 12, 2014.  He is further ordered to file his opening brief on or before that same date.  To be clear, if plaintiff fails to respond and file his opening brief, the court probably will dismiss his case under Rule 41(b) and D. Kan. Rule 41.1 for failure to prosecute.  The factors identified above are unlikely to weigh in plaintiff's favor next time.

**IT IS THEREFORE ORDERED** that plaintiff must show cause in writing to this court by December 12, 2014, why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and D. Kan. Rule 41.1.

**IT IS FURTHER ORDERED** that plaintiff must file his opening brief by December 12, 2014.

**IT IS FURTHER ORDERED** that the Clerk of the Court must send a copy of this Memorandum and Order by certified mail to the plaintiff at the following address:

David R. Moss
312 W. Olive Ave.
El Dorado, KS 67042.

Dated this 4th day of December, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**